UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURACE COMPANY and NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:11-cv-14 |
| JOYCE LAFARGE, BERNARD LAFARGE, AND TRACY CHILDS, as Representative of the Estate of Kris M. Tassara. | § § § § § | |
| Defendants. | | |

### MEMORANDUM AND ORDER

Pending before the Court are Defendants Joyce and Bernard Lafarge's (collectively, "the Lafarges") Motions to Dismiss. (Doc. Nos. 4, 15.) Having considered the parties' arguments and the applicable law, the Court finds that the Lafarges' motions should be granted.

### I.     BACKGROUND

This case arises out of a tragic automobile/motorcycle collision in which the driver and passenger of the motorcycle were killed. At the time of the accident, the driver of the vehicle that struck the motorcycle, Bernard Lafarge, was covered by an automobile insurance policy and an umbrella insurance policy issued by Nationwide Property & Casualty Insurance Company and Nationwide Mutual Insurance Company (collectively, "Nationwide" or "Plaintiffs"), respectively.[1] The combined policy limit of Mr. Lafarge's Nationwide insurance policies was $1,300,000. After the accident, the

---

[1] Both Nationwide's Original Petition filed in state court and its Original Complaint filed in this Court erroneously alleged that Paul Lafarge, the Lafarges' son, was the individual involved in the car accident. Nationwide's Amended Complaint, however, correctly names Bernard Lafarge.

1

estate of the motorcycle's passenger filed a wrongful death lawsuit against Mr. Lafarge in state court. After the passenger's estate made a *Stowers* demand,[2] Nationwide settled the claim for $1,300,000.

The estate of the motorcycle's driver then filed a wrongful death lawsuit against Mr. Lafarge in state court. This second lawsuit remains pending. To date, Nationwide has provided Mr. Lafarge a defense in that lawsuit under reservation of rights. Shortly after that case was filed, in November 2009, Nationwide filed a declaratory judgment action in state court seeking a declaration that Nationwide is relieved of any duty to defend or provide coverage for Lafarge in the pending wrongful death lawsuit against him. Nationwide filed a motion for final summary judgment on the issue of its duty to defend Mr. Lafarge, arguing that its duty ended when the policy limits were exhausted. The Lafarges countered that, because Nationwide had notice of the claims of the estate of the motorcycle's *driver*, Nationwide's exhaustion of the policy limits in settling with the *passenger's* estate was unreasonable, negligent, and in bad faith. The state court ultimately denied Nationwide's motion, finding that material issues of fact remained. Months after the state court denied Nationwide's motion for summary judgment, in January 2011, Nationwide non-suited Mr. Lafarge and his wife Joyce (who was named as a defendant in the state court action and is also named in the present lawsuit), indicating that it no longer desired to pursue its cause of action against the Lafarges. Per Nationwide's request, the state court entered an order of dismissal without prejudice.

The same day that Nationwide filed a notice of non-suit against the Lafarges in state court, it filed a nearly identical declaratory judgment suit in this Court seeking a

---

[2] Under *G. A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm. App. 1929, holding approved), if an insurance company wrongfully refuses a settlement within policy limits, it is liable for a subsequent judgment that exceeds the policy amount.

declaration that it has no duty to defend Mr. Lafarge. The Lafarges then moved to dismiss, arguing that the Court should exercise its discretion and refuse to decide this declaratory judgment action because: 1) it involves the same issues of state law at issue in the prior state court case; 2) the state court case had already advanced to summary judgment when Nationwide non-suited; and 3) Nationwide has blatantly engaged in forum shopping in an attempt to get a more favorable decision.

After the Lafarges moved to dismiss the case, Nationwide amended its complaint to request a determination from the Court regarding Nationwide's duty to indemnify Mr. Lafarge under the relevant insurance policies for the pending claims brought by the motorcycle driver's estate. Nationwide also added the estate's representative as a defendant in the instant lawsuit. Nationwide omitted from the amended complaint its request for a declaration that it has no duty to defend Mr. Lafarge in the pending state court lawsuit.[3]

## II.   LEGAL STANDARD

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for district courts to follow in deciding whether to dismiss a declaratory judgment action.[4] *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). The steps require a district court to determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to

---

[3] Nationwide argues that the Lafarges' motions to dismiss are moot in light of its amendment. The Court will consider the Lafarges' arguments on the merits, however, as they are also applicable to Nationwide's amended complaint.

[4] Under Fifth Circuit law, a declaratory judgment action may be dismissed even though it fails to satisfy the stringent *Colorado River/Moses Cone* exceptional circumstances test. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 n. 12 (5th Cir. 1993)) ("the factors set out in *Colorado River* . . . are inapplicable in declaratory judgment actions").

grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Id*.

### A. Justiciability

Under the live pleading in this case, Nationwide seeks a judicial declaration that it has no duty to indemnify Mr. Lafarge in the pending state court wrongful death case against him. To be justiciable, a declaratory judgment action must present a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003) ("In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.").

Courts have held that, in a federal declaratory judgment action, federal law determines what is justiciable. *See GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, No. 4:11–CV–009–A, 2011 WL 2670009, *4 (N.D. Tex. July 7, 2011) (citing *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989) *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Ohio Cas. Ins. Co. v. Cooper Mach. Corp.*, 817 F. Supp. 45, 47 (N.D. Tex. 1993); *State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 817 (N.D. Ga. 1982)); *see also Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1025-26 (N.D. Tex. 1995) (citing *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987); *MacMillan–Bloedel, Inc. v. Firemen's Fund Ins. Co.*, 558 F. Supp. 596, 598 (S.D. Ala. 1983)).

Under federal law, a declaratory judgment action like this one, in which an insurer seeks a declaration that it is not liable to indemnify an insured for any damages an injured person may recover against the insured, is justiciable. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (an insurer's request for declaratory judgment that it had no obligation to defend or indemnify an insured in an automobile collision case pending in state court presented an "actual controversy," not only with the insured, but also with the injured person); *see also U.S. Fire Ins. Co. v. Massey Irr. & Liquidation, Inc.*, 40 F.3d 385, 1994 WL 652520, *3 n. 2 (5th Cir. 1994) (unpublished) ("The Supreme Court has held that such a controversy exists where, as here, an insurer seeks a declaratory judgment that it was not liable under its insurance policy to pay a judgment to be rendered in a pending case.").

That the injured person may not, ultimately, obtain a judgment against the insured does not change the fact that there is a sufficient controversy between the insurer and the insured that a declaratory judgment is permissible. *Maryland Cas. Co.*, 312 U.S. at 273-74; *see also American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citing *Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 315 (5th Cir. 1993)) ("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.").

In light of controlling precedent, the Court finds that Nationwide's suit for a declaration that it has no duty to indemnify Mr. Lafarge is justiciable. As discussed below, however, the Court finds that it is appropriate to dismiss this lawsuit on discretionary grounds.

### B. Authority to Grant Declaratory Relief

"[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti–Injunction Act, 28 U.S.C. §] 2283." *Sherwin–Williams*, 343 F.3d at 388 n. 1 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). As neither the Lafarges nor the driver's estate previously filed a state court cause of action seeking a declaration of either duty to defend or to indemnify, the Court has authority to grant declaratory relief.

### C. Discretion to Decide or Dismiss

Even if the case presents a justiciable controversy for which the court has the authority to grant declaratory relief, the Court may exercise its discretion to dismiss the action. Indeed, the Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams*, 343 F.3d at 389 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)) (quotations omitted). This discretion stems from the language of the Declaratory Judgment Act, which provides that district courts "*may* declare the rights and other legal relations of any interested party seeking a declaration." 28 U.S.C. § 2201(a) (emphasis added). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Sherwin-Williams*, 343 F.3d at 389; *see also Orix Credit Alliance*, 212 F.3d at 895 (district court has broad discretion to decide or dismiss a declaratory judgment action);

6

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (recognizing a district court's vast discretion in the declaratory judgment context). Indeed, given Declaratory Judgment Act's nonobligatory language, the Supreme Court has explained that, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Sherwin-Williams*, 343 F.3d at 389. A district court's discretion is not unfettered, however, and it may not dismiss requests for declaratory judgment relief "on the basis of whim or personal disinclination." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989) (quoting *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981) (quotations omitted)).

The Fifth Circuit has identified seven nonexclusive factors for a federal court to consider when deciding whether to decide or dismiss a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994).

### III. APPLICATION OF THE *TREJO* FACTORS

The *Trejo* factors are not applied mechanically. Rather, they are intended to address three fundamental aspects that should be considered when deciding whether to

7

exercise jurisdiction over a declaratory judgment suit: federalism, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 390-391. After considering the *Trejo* factors in light of these values, the Court concludes that it should exercise its discretion to dismiss this action.

### A. Federalism Concerns

The federalism concerns presented in declaratory judgment actions relate to the proper allocation of decision-making between state and federal courts. *Id*. at 390. The first *Trejo* factor, whether there is a pending state action in which all the matters in the controversy may be litigated, requires the court to examine both comity and efficiency. *Id*. at 391. With regard to federalism and comity considerations, the Fifth Circuit has stated that, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-391. On the other hand, the Fifth Circuit has held that there is no *per se* rule requiring a district court to hear a declaratory judgment action in the *absence* of a pending parallel state court proceeding. *Id*. at 394. Of course, although the lack of a pending parallel state proceeding does not *require* a district judge to hear a declaratory judgment action, "it is a factor that weighs strongly against dismissal." *Id.*

The present declaratory judgment action raises issues of state law only. When Nationwide filed its original complaint, it asked the Court for a declaration that it has no duty to defend or provide coverage to Mr. Lafarge in the pending wrongful death lawsuit against him. When Nationwide amended its complaint, it removed the duty to defend, and instead, requested only a declaration that it has no duty to indemnify Mr. Lafarge

because the relevant policy limits have been exhausted. Both are purely issues of state law.

There is currently no *pending parallel* state action. Of course, Nationwide non-suited the declaratory judgment lawsuit it filed seeking a substantially similar declaration, shortly after the state court handed down an adverse summary judgment decision. Thus, the only state court lawsuit currently pending is the wrongful death action brought by the motorcycle driver's estate against Mr. Lafarge. Although the legal issue presented in this case is not currently presented in the pending wrongful death suit, Nationwide's duty to indemnify Mr. Lafarge could be litigated there. As such, there is a state court action, albeit not an entirely parallel one, in which all the matters in controversy may be litigated.

Moreover, despite the absence of a pending parallel action, the broader *Trejo* consideration of "the proper allocation of decision-making between state and federal courts" weighs in favor of dismissal. "District courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law." *Allstate Ins. Co. v. Yates*, 2011 WL 2414706 (S.D. Miss. 2011) (citing *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, 2004 WL 193564, *2 (S.D.N.Y. Feb. 3, 2004)).[5] *Yates* also cites case law from other courts that similarly hesitate to decide declaratory judgment suits solely involving state insurance law. In *Westfield Ins. Corp. v. Mainstream Capital Corp.*, 366 F. Supp. 2d 519, 521 (E.D. Mich. 2005), the court stated:

> Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per*

---

[5] Although these cases are from different jurisdictions, "[e]very circuit has a similar test, although expressed in different terms . . . [and] each circuit's formulation addresses the same three aspects," federalism, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 390.

9

*se* rule prohibiting such actions in federal court, '[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem.'

*Id.* at 521 (quoting *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (additional citation omitted)). The Sixth Circuit in *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, explained that "a superior alternative remedy exists in the form of an action for indemnity after the conclusion of the" underlying trial. 791 F.2d 460, 462-63 (6th Cir. 1986). The Court also went on to state:

> [D]eclaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created. We therefore find that the declaratory judgment was improvidently granted, and remand to the District Court with instructions to dismiss the complaint.

*Id.* at 463.

In this case, the Court believes that dismissal is appropriate, not only because this matter exclusively concerns issues of state law and because an indemnity determination is better decided by the state court, but also because Nationwide has come to the federal forum hoping to secure a *different* interpretation of state law than the one it received in state court. Indeed, this request leaves the Court in an uneasy position vis-à-vis the state court. Although federal courts can and often do interpret state law when sitting in diversity, the proper allocation of decision-making between state and federal courts counsels against allowing discontented diversity litigants to rush to federal court whenever they disagree with a state court ruling. Although there is no pending parallel

state action, the only reason for its absence is that Nationwide non-suited in order to procure a different outcome in federal court. Moreover, the action exclusively involves issues of state insurance law that could be resolved in state court in conjunction with the pending wrongful death case against Mr. Lafarge. Accordingly, the Court finds that the *Trejo* federalism factors weigh in favor of dismissal.

### B. Fairness of Forum Selection

"The second aspect of the inquiry is fairness," requiring the Court to distinguish between legitimate and improper reasons for forum selection. *Sherwin-Williams*, 343 F.3d at 391. The next three *Trejo* factors are whether the declaratory judgment plaintiff filed suit in anticipation of a lawsuit to be filed by the declaratory judgment defendant; whether the declaratory judgment plaintiff engaged in forum shopping in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums. Each of these factors analyzes whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. *Id*. Abusive practices are discouraged, but "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive forum shopping." *Id*. (quotations omitted).

In this case, Nationwide non-suited its substantially similar state court declaratory judgment action after receiving an adverse summary judgment decision. In its notice of non-suit without prejudice, Nationwide represented to the state court that it no longer wished to pursue its cause of action against the Lafarges. This statement was not, in fact, correct. Indeed, the very same day, Nationwide filed a nearly identical declaratory

11

judgment lawsuit against the Lafarges in this Court. In a hearing held on this motion, counsel for Nationwide stated that the insurance company re-filed the case in federal court hoping to get a more "analytical" opinion on the state law issue underlying its declaratory judgment request. In light of the timing of Nationwide's non-suit and its subsequent filing of this case, as well as Nationwide's statements in oral argument, it is obvious that, when Nationwide non-suited the state court case, it intended to file the instant lawsuit in hopes of securing a more favorable decision on the issue of its duty to defend and provide coverage to Mr. Lafarge.

The Court is troubled by Nationwide's conduct. Indeed, it has engaged in what can only be described as forum shopping. Although the federal forum was available to Nationwide from the start, it initially chose to file its declaratory judgment action in state court. It was not until it received the state court's order denying its motion for summary judgment that it decided to avail itself of the federal court's diversity jurisdiction to get another bite at the apple. Based on the information before the Court, there is no other sensible explanation for Nationwide's actions. In addition to concerns regarding Nationwide's forum selection practices, the Court believes that there are inequities in allowing Nationwide to re-litigate these issues against the Lafarges, who already spent more than a year defending themselves in state court.

### C. Efficiency

"The third aspect of the analysis is efficiency." *Id*. "The next two *Trejo* factors— whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy—primarily address efficiency considerations." *Id*. at 392. "A federal district court should avoid duplicative or

piecemeal litigation where possible." *Id*. "Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Id.*

Although there is no evidence that federal court is not a convenient forum for the parties and witnesses, retaining this lawsuit would not serve judicial economy. As discussed previously, Nationwide could have continued in state court and secured a declaration of its duties. Indeed, Nationwide's previous state court declaratory judgment action advanced through summary judgment before Nationwide non-suited it. Significant judicial resources were expended in the more than a year that the case was pending. Nationwide now asks the Court to allow it to re-litigate substantially similar issues. Efficiency concerns militate against permitting litigants unhappy with a declaratory judgment ruling in state court to seek essentially the same remedy federal court.

## IV.     CONCLUSION

Although this matter is justiciable and there are no mandatory bars to deciding it, the Court believes that concerns of federalism, fairness, and efficiency weigh heavily against retaining the case. Indeed, this case involves pure state law issues that could have been decided in the previous parallel declaratory judgment action that Nationwide non-suited after summary judgment. The conduct in which Nationwide has engaged certainly constitutes a litigation practice that should be discouraged. Nationwide has wasted judicial resources and, if forced to re-litigate these issues from the start in federal court, the Lafarges would be prejudiced. Accordingly, the Lafarges' motions to dismiss are **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of August, 2011.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE